IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAKIMA P. KELLY, | ) |
|              Plaintiff, | ) |
| v. | ) C.A. No. 26-17-GBW |
| SANTANDER CONSUMER USA, INC. | ) |
|              Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, this 9th day of January 2026, having reviewed and considered *pro se* Plaintiff Shakima P. Kelly's emergency motion for temporary restraining order and preliminary injunction (D.I. 4) and emergency motion for immediate release of vehicle and personal property (D.I. 5);

WHEREAS this Court generally only issues a preliminary injunction upon notice to the adverse party, *see* FED. R. CIV. P. 65(a)(1);

WHEREAS a temporary restraining order may be issued without written or oral notice to Defendant or defense counsel, but Plaintiff must provide "specific facts in an affidavit or verified complaint [which] clearly show that immediate and irreparable injury, loss, or damage will result to [her] before [Defendant] can be heard in opposition," FED. R. CIV. P. 65(b)(1)(A), and must "certify in writing any efforts made to give notice and the reasons why it should not be required," FED. R. CIV. P. 65(b)(1)(B);

WHEREAS a preliminary injunction or a temporary restraining order is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public

interest," *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*");

WHEREAS the record does not reflect that Defendant has been served in this case, and Plaintiff has not provided certification of efforts undertook to inform Defendant of her motion or reasons why such should not be required; and

WHEREAS review of Plaintiff's emergency motions (D.I. 4; D.I. 5) and the complaint (D.I. 2) do not suggest that Plaintiff is likely to succeed on the merits, or that granting the injunction is in the public interest, because Plaintiff throughout makes bald assertions and draws legal conclusions without sufficient supporting factual allegations, which the Court is "not required to credit," *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002); and

WHEREAS the foregoing warrants denial of Plaintiff's emergency motions without reaching the other elements because "failure to establish any element in [Plaintiff's] favor renders a preliminary injunction inappropriate," *NutraSweet II*, 176 F.3d at 153, and the same standard applies for a temporary restraining order, *see id.*;

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's emergency motion for temporary restraining order and preliminary injunction (D.I. 4) and emergency motion for immediate release of vehicle and personal property (D.I. 5) are **DENIED**.

_____
The Honorable Gregory B. Williams
United States District Judge